UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>TRACY JONES,<br>a/k/a TRACY WILCOX,<br><br>                    Defendant. | CR. 20-50141-03-JLV<br><br>ORDER |

**INTRODUCTION**

Pending before the court is defendant's amended motion to dismiss the indictment as it relates to her or, in the alternative, to suppress all evidence garnered by her statement to law enforcement.[1]   (Docket 113).   The United States opposes defendant's motion.   (Dockets 122 & 152).   Defendant's motion was referred to Magistrate Judge Mark A. Moreno for a report and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's June 8, 2016, and May 10, 2021, standing orders.   An evidentiary hearing was held. (Dockets 142 & 147).   Magistrate Judge Moreno issued a report and recommendations ("R&R").   (Docket 157).   The magistrate judge recommended the defendant's motion to dismiss the indictment as it relates to Ms. Jones and her motion to suppress be denied.   Id. at pp. 1 & 21.   Defendant timely filed objections to the R&R.   (Docket 161).   For the reasons stated below, the

---

[1]Defendant's earlier motion to dismiss and alternative motion to suppress (Docket 95) are deemed moot by the filing of the amended motion.

defendant's objections are overruled and the R&R is adopted consistent with this order.

## DEFENDANT'S OBJECTIONS

The defendant submitted ten objections to the R&R.   Id.   Defendant's objections are summarized and presented in the following order for resolution purposes:

1.   Defendant objects to the finding she never asserted her right to remain silent.   Id. at p. 2;

2.   Defendant objects to the finding that the only basis upon which she moved for dismissal was under the Due Process Clause of the Fifth Amendment.   Id.;

3.   Defendant objects to the conclusion that by waiving her Miranda[2] rights she waived her right to timely presentation to a magistrate judge for arraignment.   Id. at pp. 2-3;

4.   Defendant objects to the failure of the R&R to acknowledge the ruling of Corley.[3]   Id. at p. 3;

5.   Defendant objects to the conclusion that suppression is the only remedy available under Rule 5(a).[4]   Id. at p. 4;

6.   Defendant objects to the conclusion that the court cannot invoke its supervisory power to deter future illegal conduct of law enforcement.   Id. at p. 6;

7.   Defendant objects to the conclusion she may have a civil remedy available.   Id. at p. 7;

8.   Defendant objects to the conclusion that law enforcement is on notice.   Id.;

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

[3]Corley v. United States, 556 U.S. 303 (2009).

[4]Fed. R. Crim. P. 5(a).

2

9.     Defendant objects to the R&R's conclusion because of systemic Rule 5(a) violations in the Northern Division of the District of South Dakota.   Id.;

10.    Defendant objects to the conclusion that her alternative motion to suppress should be denied.   Id. at p. 8.

## ANALYSIS

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   Id.   The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   Id.   See also Fed. R. Crim. P. 59(b)(3).   The court completed a *de novo* review of those portions of the R&R to which objections were filed and a *de novo* review of the transcript of the suppression hearing and the exhibits admitted at the hearing.

FINDINGS OF FACT

The defendant filed only two objections to the magistrate judge's statement of facts developed during the suppression hearing.   (Docket 162 at p. 2).   Both of those objections focus on information the defendant asserts the magistrate judge failed to include in the findings of fact.   Id.   Otherwise, the defendant did not object to the statement of facts in the R&R.   Id.

Except as affected by the court's rulings on defendant's objections, the court adopts the findings of fact made by the magistrate judge.   Before

3

addressing defendant's factual objections, the court finds it appropriate to present a brief summary of the R&R's findings of fact.

On November 17, 2020, Ms. Jones was arrested by three law enforcement officers in the Martin, South Dakota, area on a federal warrant.   Within approximately two hours of her arrest, Ms. Jones was interviewed by FBI Agent Cooper in the presence of two other law enforcement officers at the Bennett County State's Attorney's Office in Martin.   Near the beginning of the interview, Ms. Jones read and signed a Miranda advisement form acknowledging she understood her rights and consented to waive those rights and answer questions without the presence of an attorney.   Suppression Hearing Exhibit C.   During the ensuing approximately 45-minute interview, Ms. Jones provided information regarding her own methamphetamine distribution, supply sources and other people in the Martin and Rapid City areas engaged in drug activities. Later that day, Ms. Jones was transported to the Pine Ridge Adult Offender Facility in Pine Ridge, South Dakota, to be jailed there overnight.

The next day, on November 18, Ms. Jones was transported to the FBI Office in Rapid City, South Dakota, for processing or booking and then was delivered to the Pennington County Jail in Rapid City.   The government concedes law enforcement did not provide notice of Ms. Jones' arrest to the chambers of United States Magistrate Judge Daneta Wollmann.   It was not until 37 days later, on December 23, 2020, that Ms. Jones appeared before and was

4

arraigned by Magistrate Judge Wollmann.   Ms. Jones was granted pretrial release on that date.

    1.    DEFENDANT OBJECTS TO THE FINDING SHE NEVER ASSERTED HER RIGHT TO REMAIN SILENT.

Magistrate Judge Moreno found that within a couple hours of her arrest, Agent Cooper read each of the Miranda rights on the form to Ms. Jones, who acknowledged she understood her rights and agreed to speak to law enforcement without an attorney present.   (Docket 157 at p. 6) (referencing Suppression Hearing Exhibits 1, B & C; citations to the suppression hearing transcript omitted). Contrary to the magistrate judge's finding, the defendant contends that approximately 24 hours later, on November 18, 2020, she invoked her right to remain silent.   (Docket 161 at p. 2) (referencing Docket 147 at pp. 63:13-64:10 & 101:13-102:1).   Ms. Jones acknowledges that based upon exercising her right to remain silent, she was not questioned further.   Id.

It is unclear from the defendant's citations to the suppression hearing transcript whether Ms. Jones was asked if she wanted to give a further statement on November 18, or whether she invoked her right to remain silent.   Criminal Investigator Jonathan Archambeau with the Oglala Sioux Tribal Department of Public Safety and a task force officer with the Badlands Safe Trails Task Force transported Ms. Jones from Martin, South Dakota, to the Pine Ridge Facility and then to the United States Marshals Service ("USMS") in Rapid City.   (Docket 147 at p. 151:16-25).   Before leaving for Pine Ridge, Investigator Archambeau did not ask Ms. Jones to speak further with him.   Id. at pp. 156:23-157:6.

It is clear, however, the government does not claim Ms. Jones provided any information or made a statement to law enforcement immediately before or during the time between her transfer to the Pine Ridge Adult Offender Facility, the USMS Office in Rapid City and ultimately to the Pennington County Jail.   See id. at p. 152:1-3.

Defendant's first objection to the R&R is overruled.

2.    DEFENDANT OBJECTS TO THE FINDING THAT THE ONLY
      BASIS UPON WHICH SHE MOVED FOR DISMISSAL WAS
      UNDER THE DUE PROCESS CLAUSE OF THE FIFTH
      AMENDMENT.

The R&R states Ms. Jones "moved to dismiss the drug charge against her, under the Due Process Clause of the Fifth Amendment[.]"   (Docket 157 at p. 3). Ms. Jones objects to this finding because she also moved for dismissal pursuant to Fed. R. Crim. P. 5(a).   (Docket 161 at p. 2) (referencing Docket 153 at p. 1). Defendant's brief asked the court to dismiss the indictment against her with prejudice "under the due process clause of the Fifth [Amendment] to the United States' Constitution, and the Federal Rule of Criminal Procedure 5(a)."   (Docket 153 at p. 1).   However, the defendant only argued "due process" in the introduction and the conclusion of her brief.   Id. at pp. 1 & 15.   The entirety of defendant's brief focused on the alleged violation of Rule 5(a).   Id. at pp. 1-10.

The magistrate judge focused on both Rule 5(a) and Ms. Jones' due process claims.   (Docket 157 at pp. 4-11).   The magistrate judge concluded that "[h]aving waived her *Miranda* rights and given voluntary statements to agents two to three hours after her arrest, Jones cannot now seek the protection of Rule 5(a)."   Id. at

p. 8 (references omitted).   "[T]he appropriate remedy for a violation of Rule 5(a)(1)(A)

is not dismissal of the indictment, but suppression of evidence illegally obtained as a

result of the violation."   Id. (references omitted).   "[S]ince the provisions of Rule 5(a)

are procedural, not substantive," the magistrate judge concluded "the sanction for

failure to comply with the Rule is exclusion of those statements taken during the

period of unnecessary delay."   Id. at pp. 8-9 (references omitted).   Defendant's

"contention that she is entitled to dismissal of the charge against her under the Due

Process Clause of the Fifth Amendment cannot be reconciled with federal

precedents[,]" as the magistrate judge found those cases "consistently refer to the

application of evidentiary sanctions (e.g., the exclusion of evidence), not dismissal of

criminal charges, as the proper remedy for the violation of the prompt presentment

rule."   Id. at pp. 9-10 (references omitted).

Defendant's second objection to the R&R is overruled.

CONCLUSIONS OF LAW

3.    DEFENDANT OBJECTS TO THE CONCLUSION THAT BY
WAIVING HER MIRANDA RIGHTS SHE WAIVED HER RIGHT TO
TIMELY PRESENTATION TO A MAGISTRATE JUDGE FOR
ARRAIGNMENT.

Rule 5 governing initial appearances provides that following an arrest, the

"person making an arrest within the United States must take the defendant without

unnecessary delay before a magistrate judge[.]"   Fed. R. Crim. P. 5(a)(1)(A).

Because Ms. Jones was arrested in Bennett County, South Dakota, "where the

offense was allegedly committed . . . [her] initial appearance must be in that

district[,]" that is, the District of South Dakota.   Fed. R. Crim. P. 5(c)(1)(A).   As a

practical matter, that means appearance before a magistrate judge at the federal

7

courthouse for the Western Division of the District of South Dakota in Rapid City, South Dakota.

Although Ms. Jones was not presented to a magistrate judge for 37 days, Magistrate Judge Moreno found this procedural right could be waived.   "Although the Eighth Circuit has not previously addressed the matter, courts have concluded that a defendant can indeed waive Rule 5's procedural safeguards."   (Docket 157 at p. 4) (reference to collected cases omitted).   Particularly "when the defendant has been given Miranda warnings," the magistrate judge found "courts have been accepting of a presentment waiver."   Id. at p. 5 (references omitted).

Ms. Jones opposes this finding.   (Docket 161 at p. 3).

What is irrefutable is that no one, ever, at any point advised Ms. Jones that if she signed the Advice of Rights document she would be waving presentment rights and could be held for 37 days in jail before seeing a judge.   It is not contained in the Advice of Rights document presented to Ms. Jones, it was not discussed by Special Agent Cooper or any other law enforcement officer during the interrogation or at any other time, and it is not part of the advice of rights given to Ms. Jones by the court at her initial appearance.

Id. (references to the suppression hearing record omitted).   Because "the Eighth Circuit has not previously addressed this issue," Ms. Jones submits "the only authority [cited in the R&R] to support [waiver] is not binding on this Court."   Id. "Without being advised of these rights[,]" defendant argues "it is not possible that a person untrained in the law, such as Ms. Jones, could knowingly, intelligently and voluntarily waive her presentment rights."   Id.

Other than her general argument, Ms. Jones points to no case authority which supports her position.   Although the Eighth Circuit never directly addressed this issue, a number of circuit courts have.

"[B]y validly waiving his <u>Miranda</u> right to silence and an attorney, and by

agreeing to speak with the police, [the defendant] has thereby also waived any

<u>Mallory</u> right to be brought before a magistrate 'as quickly as possible.' "   <u>Pettyjohn</u>

<u>v. United States</u>, 419 F.2d 651, 656 (D.C. Cir. 1969) (underlining provided; citing

<u>Mallory v. United States</u>, 354 U.S. 449, 454 (1957), <u>cert. denied</u>, 397 U.S. 1058

(1970)).   The D.C. Circuit acknowledged this principal in an earlier decision.   "[W]e

had occasion recently to articulate this limitation that <u>Miranda</u> has effected upon

the earlier <u>Mallory</u> decision.   In short, we held that [a] valid <u>Miranda</u> waiver is

necessarily . . . also a waiver of an immediate judicial warning of constitutional

rights[.]"   <u>Id.</u> (underlining provided; referencing <u>Frazier v. United States</u>, 419 F.2d

1161, 1166 n.8 (D.C. App. 1969)).   <u>See also</u> <u>United States v. Barlow</u>, 693 F.2d 954,

959 (6th Cir. 1982) ("In the instant case appellant . . . waived his <u>Miranda</u> rights

before giving his statement to the FBI.   He now cannot seek the protection of Rule

5(a).   A valid <u>Miranda</u> waiver also waives the prompt judicial warning of one's

constitutional rights.") (underling provided); <u>United States v. Binder</u>, 769 F.2d 595,

599 (9th Cir. 1985), overruled on other grounds by <u>United States v. Morales</u>, 108

F.3d 1031 (9th Cir. 1997) ("A waiver of <u>Miranda</u> rights constitutes a waiver of the

rights under Rule 5."); <u>United States v. Indian Boy X</u>, 565 F.2d 585, 592 (9th Cir.

1977) ("Since the <u>Miranda</u> waiver was valid, there was a valid waiver of the

<u>McNabb-Mallory</u> prompt arraignment right [Fed. R. Crim. P. 5(a) & 18 U.S.C.

§ 5033].") (underlying provided); <u>United States v. Ostrander</u>, 411 F.3d 684, 696-97

(6th Cir. 2005) (finding that because the defendant "was not intimidated or

physically abused, that he understood what was going on and what his rights were,

9

and that he began to discuss the crime well within the six-hour safe harbor," the defendant's <u>Miranda</u> waiver also waived prompt presentment before the magistrate judge) (citations omitted; underlying provided).

District courts in other circuits have adopted the same rule.  "Even assuming arguendo that the delay [in presentment to the magistrate judge] was unnecessary, suppression of the statements would nonetheless be inappropriate in view of his valid <u>Miranda</u> waiver[.]"   <u>United States v. Lukens</u>, 735 F. Supp. 387, 391 n.1 (D. Wyo. 1990) (referencing <u>Barlow</u>, 693 F.2d at 959; other references omitted).

"Delays [in presentment pursuant to Rule 5(a)] effected for the purpose of interrogation are considered to be unnecessary."   <u>United States v. Thompson</u>, No. 10-cr-20410, 2011 WL 4072506, at *3 (S.D. Fla. Feb. 28, 2011) (referencing <u>Corley</u>, 556 U.S. at 308), report and recommendation adopted, No. 10-20410-CR, 2011 WL 4055400 (S.D. Fla. Sept. 13, 2011), aff'd sub nom., <u>United States v. Gray</u>, 544 Fed. Appx. 870 (11th Cir. 2013).   In <u>Thompson</u>, the court found that "upon being advised of his <u>Miranda</u> rights, Defendant made a voluntary statement and then proceeded to invoke his right to terminate the questioning.   These actions are consistent with Defendant's awareness and understanding of his rights and are indicative that the statement made by Defendant was voluntary and knowing."   <u>Id.</u>, 2011 WL 4072506, at *5.   For this reason, the Florida district court concluded the defendant waived his Rule 5(a) right to a prompt presentation before a magistrate judge.   "[T]he <u>Miranda</u> waiver was knowing and voluntary, and any statements made by Defendant thereafter should not be suppressed."   <u>Id.</u>

10

"Applying O'Neal,[5] the Court sees no choice other than to find that
Defendant's multiple Miranda waivers vitiated any prompt presentment problem.
. . . [T]he bottom line of O'Neal is that a defendant who is made aware of and willingly
waives his rights to remain silent and to consult with an attorney before speaking
necessarily suffers no prejudice from a delay in hearing those same rights repeated
in court."  United States v. Hector, No. 1:12-CR-183, 2013 WL 2898078, at *13
(N.D. Ga. Jan. 29, 2013), report and recommendation adopted in part, rejected in
part, No. 12-CR-183, 2013 WL 2898099 (N.D. Ga. June 11, 2013).

"[A] valid Miranda waiver may also waive the prompt judicial warning of one's
constitutional rights.   Particularly where the delay between arrest and presentment
was not for the purposes of coercion or intimidation, courts in this circuit will find
defendants to have waived their prompt presentment rights."  United States v.
Mora-Pizarro, No. 13-CR-00082, 2016 WL 6871271, at *7 (W.D. Ky. Nov. 21, 2016)
(referencing Barlow, 693 F.2d at 959).   See also United States v. Ramirez, No.
3:13-CR-82, 2016 WL 11214627, at *10 (W.D. Ky. Dec. 9, 2016) (same), report and
recommendation adopted, No. 13CR-82, 2017 WL 384276 (W.D. Ky. Jan. 27, 2017).

One district court in the Eighth Circuit has specifically adopted the same rule.
"[C]ourts have been particularly permissive of a defendant's waiver of his
presentment rights when he has previously been given his Miranda warnings[.]"

---

[5]United States v. O'Neal, 411 F.2d 131, 136-137 (5th Cir. 1969)
(considering the McNabb-Mallory suppression rule (codified at 18 U.S.C. § 3501).
Justice Alito expressly cited O'Neal as standing for the proposition that "a waiver
of Miranda rights also constitutes a waiver under McNabb-Mallory."   Corley,
556 U.S. at 329 (Alito, J., dissenting) (underlining provided).

United States v. McConnell, No. 13-CR-273 2017 WL 396538, at *6 (D. Minn. Jan. 30, 2017) (referencing Barlow, 693 F.2d at 959; Binder, 769 F.2d at 599).

While these decisions may not be binding legal precedent, they provide persuasive authority which the court cannot overlook.   The court finds by waiving her Miranda rights, Ms. Jones waived her right to prompt presentment before a magistrate judge pursuant to Rule 5(a).

Defendant's third objection to the R&R is overruled.

4.   DEFENDANT OBJECTS TO THE FAILURE OF THE R&R TO ACKNOWLEDGE THE RULING OF CORLEY.

The magistrate judge observed "if the confession came within the six-hour 'safe harbor' of [18 U.S.C. § 3501(c)], it is admissible if voluntary, subject to the rules of evidence and whatever weight the jury decides to give to it."   (Docket 157 at p. 12) (referencing Corley, 556 U.S. at 322).   "It is only when the confession occurred before presentment and beyond six hours that a court must decide whether delaying that long was unreasonable or unnecessary and the confession should be suppressed."   Id. (referencing Corley, 556 U.S. at 322).

Defendant objects to the magistrate judge's apparent limited consideration of Corley because the R&R "does not address the defendant's contention that Rule 5(a) is designed to prevent secret detention."   (Docket 161 at p. 3).   Ms. Jones argues if it is "contended that Rule 5(a) is designed only to prevent secret detention aimed at procuring self-incriminating statements.   This cannot be the law."   Id. at p. 4.

Contrary to defendant's objection, that is exactly the purpose of

§ 3501 when read in conjunction with Rule 5(a).   That section provides in part:

> In any criminal prosecution by the United States . . . a confession made or given by a person who is a defendant . . . while . . . under arrest . . . in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge . . . if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following [her] arrest or other detention . . . .

18 U.S.C. § 3501(c).

Ms. Jones offers no evidence that she was detained in order to extract a

confession.   The magistrate judge found Ms. Jones' confession came within the

6-hour safe harbor period permitted by § 3501(c) and that her statement was

voluntary.   (Docket 157 at pp. 12-13).

Defendant's fourth objection to the R&R is overruled.

5.   DEFENDANT OBJECTS TO THE CONCLUSION THAT SUPPRESSION IS THE ONLY REMEDY AVAILABLE UNDER RULE 5(a).

The magistrate judge concluded "the appropriate remedy for a violation of

Rule 5(a)(1)(A) is not dismissal of the indictment, but suppression of evidence

illegally obtained as a result of the violation."   (Docket 157 at p. 8) (referencing

United States v. Cooke, 853 F.3d 464, 471 (8th Cir. 2017); United States v.

Chavez, 705 F.3d 381, 385-86 (8th Cir. 2013); other references omitted).

Defendant argues "[t]he cases cited in support of the conclusion that

'prejudice results only when the government uses the delay to subject the

defendant to unwarranted interrogations' are not persuasive and the Eighth Circuit case cited is materially distinguishable." (Docket 161 at p. 5). Ms. Jones contends "[n]one of the . . . cited cases offer guidance directly on the issue of prejudice to a defendant for in ability [sic] to exercise rights—including right to a detention hearing—due to unnecessary delay." Id. at p. 6. "Conversely," defendant submits "the Corley case . . . directs that the protections provided by Rule 5(a) expand beyond only prejudice to the trial defense." Id. For this reason, Ms. Jones argues the magistrate judge's "conclusion is contrary to law." Id.

Defendant's objection is without merit. "[T]he appropriate remedy for a violation of Rule 5(a)(1)(A) is not dismissal of an indictment, but suppression of evidence illegally obtained as a result of the violation." Cooke, 853 F.3d at 471 (referencing Chavez, 705 F.3d at 385-86. In Cooke, the defendant "argu[ed] . . . that the period in state custody prejudiced him by delaying appointment of counsel, which deprived counsel of adequate time to prepare for trial." Id. Finding no authority to support defendant's argument for dismissal, the court stated "[w]e have not been directed to any authority suggesting that this is a sort of prejudice addressed by Rule 5(a)[.]" Id. "Cooke was not prejudiced by the period of delay and so he has not identified any available remedy for a supposed violation of Rule 5." Id.

In Chavez, the defendant, as an alleged illegal alien, was taken into criminal custody without a warrant. Chavez, 705 F.3d at 384-85. The court

14

found Mr. Chavez's Rule 5(a) rights and his Fourth Amendment right to a "probable-cause determination" were violated.  Id. at 385.  "Even so," the court ruled "the appropriate remedy is not dismissal of the indictment."  Id. Recognizing the defendant's frustration, the court observed "Chavez claims that there must be some remedy for the violation of these rights.   Remedies may exist for violations like those here, but dismissal is not one of them."  Id.  "In this case, there is no showing of prejudice to Chavez from the delay between arrest and appearance.   Even if there were, the appropriate remedy would be suppression of the statements made during that period, not dismissal of the indictment."   Id. at 385-86.

While Ms. Jones argues she was forced to remain in custody for 37 days before being arraigned and then allowed pretrial release, that does not constitute the type of prejudice contemplated by Corley, Cooke, Chavez or the other cases referenced in the R&R.  See Docket 157 at p. 8 n.26.   The court adopts the conclusion of the R&R that the only remedy under the facts of this case is the suppression of an ill-gotten confession, which did not occur.

Defendant's fifth objection to the R&R is overruled.

6.   DEFENDANT OBJECTS TO THE CONCLUSION THAT THE COURT CANNOT INVOKE ITS SUPERVISORY POWER TO DETER FUTURE ILLEGAL CONDUCT OF LAW ENFORCEMENT.

The magistrate judge evaluated whether the conduct of law enforcement in Ms. Jones's case constituted "outrageous conduct."   (Docket 157 at p. 10). "[T]o warrant dismissal of an indictment, the outrageousness of such conduct

15

must rise to the level of 'violating that "fundamental fairness" shocking to the universal sense of justice.' "   Id. (citing United States v. Russell, 411 U.S. 423, 432 (1973) (internal citation omitted)).   The magistrate judge found "Jones never faced extreme and overwhelming coercion, much less physical, or psychological harm.   Nor can it be said that the Task Force agents' nonfeasance—in notifying [Magistrate Judge Wollman] of Jones's arrest—was outrageous or that they purposefully perverted a constitutionally protected right to further their investigation efforts."   Id. at p. 11.   With this finding, the R&R recommends "dismissal is not the rightful course of action."   Id.

Ms. Jones submits "the Court could use its supervisory power to dismiss this case and send an unmistakable message to deter further unlawful behavior by law enforcement officers."   (Docket 161 at p. 6).   She offers "[t]he Court is not impotent to protect the rights of the citizens against unlawful executive branch overreach."   Id. (referencing United State v. Osunde, 638 F. Supp. 171, 176-77 (N.D. Cal. 1986)).

The problem with the defendant's argument is that the magistrate judge found law enforcement was guilty of "nonfeasance" and that their conduct was neither "outrageous" nor done with the intent to "purposefully pervert[] a constitutionally protected right to further their investigation efforts."   (Docket 157 at p. 11).   Osunde presented an entirely different set of facts.   After his arrest, Mr. Osunde was not brought before a magistrate judge on the complaint for an initial appearance until 106 days later and then was not indicted until 12

16

days after his appearance.   Osunde, 638 F. Supp. at 173.   The Osunde court was particularly focused on the 118 days between arrest and indictment, a speedy trial act violation of 18 U.S.C. § 3161(b), which requires an information or indictment be filed within 30 days from the date of arrest.   Id.   Contrary to the decisions of later courts, Osunde concluded Rule 5(a) provided a defendant "a specific substantive right."   Id. at 176.   In light of the statutory right and substantive right, the court found the conduct of the government's "serious and flagrant violations[,]" warrant dismissal with prejudice.   Id. at 177.

While the court retains the supervisory authority to dismiss an indictment under egregious circumstances or where clearly reprehensible conduct shocks the court's conscience and its sense of justice, this is not that case.   While it is unfortunate Ms. Jones lingered for 36 days in jail before appearing before the magistrate judge, the facts of this case do not warrant dismissal of the indictment.   Unlike Osunde, probable cause existed in Ms. Jones' case as an indictment had been filed and a federal arrest warrant was issued by Magistrate Judge Wollmann.   (Dockets 21 & 22).

Defendant's sixth objection to the R&R is overruled.

7.   DEFENDANT OBJECTS TO THE CONCLUSION SHE MAY
      HAVE A CIVIL REMEDY AVAILABLE.

After concluding dismissal of the indictment was not a proper remedy, the magistrate judge offered that Ms. Jones may be able to "pursue a civil action and seek to hold those responsible for her delay liable."   (Docket 157 at p. 19).

17

Defendant argues the civil resource option may violate <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), as a "finding or an implied finding . . . that Ms. Jones' unnecessarily long detention was not unlawful could preclude Ms. Jones' ability to have the matter decided civilly under the *Res Judicata* or collateral attack theory."   (Docket 161 at p. 7).

The cases cited by the magistrate judge demonstrate 42 U.S.C. § 1983 claims may be pursued for pre-appearance detention which violates due process. <u>See</u> Docket 157 at p. 19 n.60.

Defendant's seventh objection to the R&R is overruled.

8.   DEFENDANT OBJECTS TO THE CONCLUSION THAT LAW ENFORCEMENT IS ON NOTICE.

Based on the facts of this case, the R&R concludes "[l]aw enforcement officers are now on notice of what they must do.   A delay like Jones experienced must not happen again . . . . If it does, a different remedy (than admonishment) may be called for."   <u>Id.</u> at p. 20.

Defendant objects to the magistrate judge's conclusion.   She argues "[i]gnorance of the law excuses no man," and "[d]oes this Court really intend to hold law enforcement officers who swear to know, uphold, and enforce the law to a lower standard than it holds its lay citizens?"   (Docket 161 at p. 7 & 7 n.26). Ms. Jones submits if law enforcement is not punished for their conduct in this case, the court's action "could be construed as a grant[] of qualified immunity." <u>Id.</u> at p. 7.

18

The court is not going to engage in a pre-filing determination of a civil complaint pursuant to 42 U.S.C. § 1983 about whether law enforcement in this case may be entitled to qualified immunity to Ms. Jones' potential civil rights claim.   The court is confident the FBI and Magistrate Judge Wollmann, and her staff, have put into place checks to assure that unfortunate events like what happened to Ms. Jones do not happen again.

Defendant's eighth objection to the R&R is overruled.

9.   DEFENDANT OBJECTS TO THE R&R'S CONCLUSION BECAUSE OF SYSTEMIC RULE 5(A) VIOLATIONS IN THE NORTHERN DIVISION OF THE DISTRICT OF SOUTH DAKOTA.

Defendant objects to the conclusion in the R&R that dismissal is not appropriate because the defendant provided evidence of "systemic disregard for Rule 5 were in the Northern Division of the District of South Dakota.   Id. at p. 7 (referencing Docket 153 at p. 5).

In United States v. Theus, II, CR. 20-10045 (D.S.D. 2020), when considering a motion to dismiss the indictment based on a 16-day delay in presentment of the defendant to the magistrate judge, that court soundly criticized an Assistant United States Attorney and members of the United States Marshals Service for the District of South Dakota for their lack of candor and false statements in court.   Id., Docket 34.   District Court Judge Charles B. Kornmann adopted the magistrate's judge report and dismissed the case because of the defendant's death.   Id., Docket 41 at p. 2.

19

In United States v. Bobtail Bear, CR-14-10011 (D.S.D. 2014), the magistrate judge found a seven-day delay in presentment "was not purposeful, but due to personnel, training, and communication issues, slip ups, and poor policies." Id., Docket 73 at p. 3. The district court has not ruled on the report of the magistrate as of the date of this order.

In United States v. Rodlund, CR-20-10041 (D.S.D. 2020) there is no order or report of a magistrate judge which makes reference to a failure of prompt presentation for an initial appearance and arraignment before the magistrate judge. At the time of the issuance of the indictment on October 6, 2020, the defendant was a prisoner in the Big Sandy Federal Prison in Inez, Kentucky. (Dockets 1 & 7). Because the defendant was serving a custodial sentence, by the writ of habeas corpus ad prosequendum the magistrate judge set Mr. Rodlund's initial appearance in Aberdeen, South Dakota, for December 14, 2020. (Docket 7). During the COVID-19 pandemic and in light of the defendant's federal custody in another case, an extended date for arraignment appears logical. This case is wholly unrelated to the facts presently before the court in Ms. Jones' case.

The court finds the isolated events in the Northern Division of the District of South Dakota do not compel the court to reject the magistrate judge's conclusion or recommendation in this case. The court adopts the magistrate judge's conclusion that law enforcement "did not . . . try and dupe anyone, have a hidden agenda, engage in bad faith, or intend to delay the presentiment

20

process."  (Docket 157 at p. 19).   "By no means" should the 37-day delay in presentment in Ms. Jones' case "be[] brushed aside.   It was though an inadvertent error and is not part of a systemic problem in the District's Western Division."   Id. at p. 20.

Defendant's ninth objection to the R&R is denied.

10.   DEFENDANT OBJECTS TO THE CONCLUSION THAT HER ALTERNATIVE MOTION TO SUPPRESS SHOULD BE DENIED.

Ms. Jones objects to denial of her alternative motion to suppress her statement to law enforcement contending the R&R "refuses to acknowledge the statements were not made voluntarily."   (Docket 161 at p. 8).   She asserts the magistrate judge "did not apply the factors . . . set forth under 18 U.S.C. § 3501(b)," but reached the conclusion "only after analysis of various case law." Id. (referencing Docket 157 at pp. 4-8).   Defendant argues "[s]ince the proper rule was not analyzed the conclusion is contrary to law."   Id.

Section 3501(b) provides:

The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including

(1)   the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment,

(2)   whether such defendant knew the nature of the offense with which [she] was charged or of which [she] was suspected at the time of making the confession,

21

> (3)   whether or not such defendant was advised or knew that [she] was not required to make any statement and that any such statement could be used against [her],
>
> (4)   whether or not such defendant had been advised prior to questioning of [her] right to the assistance of counsel, and
>
> (5)   whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

18 U.S.C. § 3501(b).

The R&R references the entirety of § 3501 and then specifically cites the six-hour "safe harbor" period between arrest and the defendant's statement identified in § 3501(c).   (Docket 157 at    p. 12) (referencing United States v. Casillas, 792 F.3d 929, 930 (8th Cir. 2015) (citing Corley, 556 U.S. at 309-10 & 322) (referencing 18 U.S.C. § 3501(c)).   Citing to the motion hearing transcript, the magistrate judge found Ms. Jones' statement was made "voluntarily, less than six hours of being arrested." Id. at pp. 12-13 (reference omitted).   This finding satisfies subsection (1) of § 3501(b).

In the factual background section of the R&R, the magistrate judge found Ms. Jones

> signed a Miranda advisement form, acknowledging she understood her rights, agreed to speak with agents and did so.   During her conversation with them, Jones provided information on several other persons, in and around Martin and Rapid City, and their drug

22

activities.   <u>Jones also spoke about her own methamphetamine distribution and her supply sources</u>.

<u>Id.</u> at p. 2 (emphasis added).   The magistrate judge found the defendant's

> written [<u>Miranda</u>] waiver is a telling manifestation that she understood her rights and was disposed to give them up.   Her willingness to engage in an almost 45-minute colloquy without the benefit of counsel and to make statements was a "course of conduct indicating waiver" of her rights.

<u>Id.</u> at p. 6.   Finally, the magistrate judge found Ms. Jones' "interview . . . was polite and conversational."   <u>Id.</u> at p. 14.   When addressing voluntariness, the magistrate judge found "[t]he same analysis applies when considering the voluntariness of statements in the context of a <u>Miranda</u> waiver and under the Fifth Amendment."   <u>Id.</u>   These findings satisfy factors (2), (3), (4) and (5) of § 3501(b).

That the magistrate judge addressed each of the § 3501(b) and (c) factors in the context of the controlling case authority as opposed to directly addressing the § 3501 factors does not minimize the analysis.   The R&R provides a thorough analysis of the facts and the application of the § 3501 factors to those facts in arriving at the conclusions and recommendations made.

Defendant's tenth objection to the R&R is overruled.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's objections (Docket 161) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 157) is adopted consistent with this order.

IT IS FURTHER ORDERED that defendant's amended motion to dismiss (Docket 113) is denied.

IT IS FURTHER ORDERED that defendant's alternative amended motion to suppress (Docket 113) is denied.

IT IS FURTHER ORDERED that defendant's motion to suppress and alternative motion to suppress (Docket 95) are denied as moot.

Dated October 12, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE