UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>TRACY JONES,<br>a/k/a Tracy Wilcox,<br><br>               Defendant. | 5:20-CR-50141-03-KES<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND MOTION FOR EVIDENTIARY HEARING AND DENYING PLAINTIFF'S MOTION FOR SPECIFICATION AND GRANTING MOTION TO PREVENT RE-LITIGATION |

Defendant, Tracy Jones, is charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Jones moves for reconsideration of the court's order denying her motion to dismiss indictment and order denying her motion to suppress evidence (Dockets 157, 216). Docket 307. Plaintiff, the United States of America, opposes the motion. Docket 309. Jones also moves for a second evidentiary hearing regarding the motion to reconsider. Docket 308. The United States moves for an order directing Jones to specify which elements of the crime charged she wishes to have the United States prove at trial. Docket 312. The United States also moves for an order preventing re-litigation of Jones's motion to dismiss indictment and suppress evidence at Jones's upcoming court trial. *Id.* For the following reasons, the court denies Jones's motion, and denies in part and grants in part the United States's motion.

**BACKGROUND**

A full factual recitation can be found in Magistrate Judge Mark A. Moreno's Report and Recommendation and the court's order adopting the Report and Recommendation. Docket 157 at 1-4; Docket 216.

**DISCUSSION**

**I.     Motion for Reconsideration and Motion to Prevent Re-Litigation**

"A district court has broad discretion in determining whether to grant or deny a [motion to reconsider]." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006); *see also United States v. Harvey*, 2016 WL 7115982, at *1 (D. Neb. Dec. 6, 2016). In the civil arena, motions to reconsider serve the limited purpose of "correcting manifest errors of law or fact or presenting newly discovered evidence." *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (cleaned up) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)). "A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated." *Id.* (citing *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922 (8th Cir. 2015)). Although the Eighth Circuit has not held that the civil reconsideration standard is applicable in the criminal arena, courts in other circuits have applied the civil standard in criminal cases. *See id.* (listing extra-jurisdictional cases applying the civil reconsideration standard in criminal cases). This court finds those extra-jurisdictional cases persuasive and applies the civil reconsideration standard in this case.

Here, Jones seeks reconsideration of the court's order denying her amended motion to dismiss the indictment and denying her amended motion to suppress evidence. Docket 307. Jones essentially renews the same arguments that she presented in her amended motion to dismiss indictment and suppress evidence and her objections to the Report and Recommendation. *Compare* Docket 307, *with* Dockets 113, 161. In her motion for evidentiary hearing, Jones seeks to elicit testimony from an attorney in the Federal Public Defender's office who Jones expects will testify to Jones's efforts to assert her rights and obtain her liberty. Docket 308. But Jones fails to establish that this testimony is newly discovered evidence. During the evidentiary hearing on her amended motion to dismiss indictment and suppress evidence, Jones knew of the evidence from the Assistant Federal Public Defender that she now seeks to introduce in a second evidentiary hearing. *See* Docket 147 at 44-45 (cross-examining Special Agent Cooper regarding a phone call between him and the Assistant Federal Public Defender). Jones cross-examined FBI Special Agent Dan Cooper about the facts put forth in the motion for second evidentiary hearing, but she chose not to call the Assistant Federal Public Defender as a rebuttal witness. *Id.* Because the evidence was available at the first evidentiary hearing, this court finds that it is not newly discovered evidence.

Additionally, the court finds that there were no manifest errors of law or fact in the court's order adopting Magistrate Judge Moreno's Report and Recommendation. Because the court finds that there were no manifest errors of law or fact, and that there is no newly discovered evidence, the court denies

Jones's motion for reconsideration. Further, because the court's ruling on the amended motion to dismiss indictment and suppress evidence is not relevant to the elements of Jones's charge, the court grants the United States's motion to prevent re-litigation of the motion to dismiss indictment and suppress evidence at Jones's upcoming court trial.

## II.    Motion Specification

The United States next moves for an order directing Jones to specify which elements of the charge she is willing to admit to and which elements she wishes to have plaintiff prove at trial. Docket 312 at 1-2. The United States notes that, in Jones's motion for a court trial, Jones expressed her desire to avoid trial and enter into a conditional guilty plea. *Id.* at 1; Docket 274 ¶¶ 3-4. The United States now avers that it has offered a conditional guilty plea to Jones. Docket 312 at 2.

Here, it is not the court's role to order Jones to specify which elements she seeks to have the United States prove at trial. Rather, it is the United States's burden to prove all of the elements beyond a reasonable doubt. The parties are free to stipulate to facts or elements, but it is not the court's role to force parties to stipulate. Jones is also free to consider the conditional guilty plea offered by the United States. If the parties are not able to agree on stipulations, then the United States must proceed to trial prepared to prove all elements of the conspiracy to distribute a controlled substance charge in its case-in-chief. Thus, the United States's motion for specification is denied.

## CONCLUSION

Jones fails to present new evidence or demonstrate a manifest error of law or fact. The issues regarding the court's order denying the motion to dismiss indictment and suppress evidence are not relevant to Jones's trial on conspiracy to distribute a controlled substance. Finally, it is not the court's role to order Jones to specify which elements she seeks to have the United States prove. Thus, it is

ORDERED that Jones's motion for reconsideration (Docket 307) and motion for evidentiary hearing (Docket 308) are denied.

IT IS FURTHER ORDERED that the United States's motion for specification and motion to prevent (Docket 312) re-litigation is denied in part and granted in part.

Dated March 31, 2022.

                                                                                                      BY THE COURT:

                                                                                                      /s/ *Karen E. Schreier*
                                                                                                      KAREN E. SCHREIER
                                                                                                      UNITED STATES DISTRICT JUDGE